SANDERS, Justice
(dissenting).
In this case, the majority upsets the defendant’s conviction of aggravated arson because of the insufficiency of the Bill of Information by which he was charged. I disagree.
The handwritten interlineations raise no substantial question. They were added after the trial of the present defendant. Moreover, after a Bill of Information has been officially filed, no change in its language can have legal effect unless the amendment is authorized by the Court. See LSA-C.Cr.P. Art. 487.
The’ Bill of Information in the present case charged that defendant Butler and a co-defendant on April 8, 1968, “did violate R.S. 14:51 in that they intentionally damaged a structure known as Scenic Highway Lumber. Company, located at. 7890 Scenic Highway, Baton Rouge, Louisiana, by setting fire to said structure, whereby human life was endangered. * * * ”
Concededly, under Article 465 of -the Louisiana Code of Criminal Procedure, the following charge would have been legally sufficient:
Leon Plarold Butler committed aggravated arson of a structure known as Scenic Highway Lumber Company.[1]
If the foregoing charge is sufficient, how can it be said that the present .charge is fatally defective ? The words “did, violate R.S. 14:51” are synonymous with the words “did commit aggravated arson.” The structure is then clearly identified. Additional language is included ton show that the arson was committed by ¡setting fire to the structure and that human.-life was endangered. But the inclusion . of these additional facts does not vitiate the indictment. Article 465 LSA-C.Cr.P., provides :
“The indictment, in addition to. the necessary averments of the appropriate specific form hereinbefore set fotth, may also include a statement of additional facts pertaining to the offense charged. If this is done it shall not affect’the sufficiency of the specific indictment form authorized by this article.”
*577 Aggravated arson has a well-understood meaning. See Comment (b), Art. 465, LSA-C.Cr.P. Foreseeability, like general intent, need not be alleged. Its absence, of course, is a defense. Moreover, the charge in the present case embodies all elements of the short form plus additional facts. The Bill of Information fully informs the defendant of the nature and cause of the accusation against him. See La.Const.Art. 1, Sect. 10. It provides an adequate basis for evidentiary rulings by the court, a plea of former jeopardy, and an intelligent defense. See State v. Barksdale, 247 La. 198, 170 So.2d 374, cert. denied 382 U.S. 921, 86 S.Ct. 297, 15 L.Ed.2d 236; State v. Scheler, 243 La. 443, 144 So.2d 389. A motion for a bill of particulars was available to the defendant if he desired the details of the offense.
In my opinion, the decision is based upon what must be described as a flimsy technicality. In fact, the defendant made no complaint in the trial court or in this Court that the charge was inadequate. Technical decisions of this kind in criminal cases have contributed to the tragic loss of public confidence in the courts. This case afforded a good opportunity to free ourselves from the bondage of technicality and to advance a rule of reason in criminal justice. We have failed to do so.
For the reasons assigned, I respectfully dissent.

. The short form merely provides: '“A. B. Committed aggravated arson of a [structure]!’ ''Aft. 465, LSA-C.Cr.P.